JUSTICE HUNT
delivered the Opinion of the Court.
On October 5, 1993, Ronald Treible, Jr. was found guilty by a jury of felony theft in the Fourteenth Judicial District Court, Musselshell County and was sentenced to two years deferred. Defendant appeals his conviction.
We affirm.
The sole issue on appeal is whether, following the completion of the trial, the District Court erred in denying defendant’s motion for a directed verdict for failure to prove elements of felony theft.

FACTS

On January 23, 1993, the owners of the Melstone Bar and Cafe, Melvin and Judy Metzger, called the police to report their bar had been broken into and that there were several missing items, including chewing tobacco, cigarettes, hard liquor, a bottle of champagne, several cases of beer, five pounds of hamburger, and a bag of shrimp. The day after the break-in Melvin Metzger received an anonymous phone call that a bottle of liquor taken from the Bar could be found at the Murnion shop, a local garage. Mr. Metzger called the information to Deputy Sheriff Fischer, the investigating officer.
Deputy Fischer went to the Murnion shop and asked to look around. While there, he observed a bottle of Crown Royal on the shop bench. Knowing this was one of the items missing from the Bar, the Deputy asked to search the adjoining trailer house. At the time, defendant was renting a room at the Murnion trailer. After searching the Murnion trailer, Fischer seized almost two cases of bottled beer, an empty champagne bottle, unopened cigarettes, a piece of plastic *61 wrap, two pieces of waxed paper, and several empty beer boxes and bottles. Fischer then questioned B.J. Mumion who told Fischer the names of the people who had attended a party in the trailer the previous evening. Fischer contacted these people for statements.
Upon learning that J.B. Benson was one of the people present at the party, Fischer obtained permission to search Benson’s trailer. In that search, the Deputy seized chewing tobacco, another bottle of Crown Royal, a fifth of Jim Beam, a bottle of Jack Daniels, close to three cases of beer, forty lottery tickets, cigarettes, and several empty beer bottles and cans.
According to the testimony provided at trial, several people had attended a party at the Murnion trailer on the night of the break-in at the Bar. Sometime after 2:00 a.m., J.B. Benson, Barry DeJaegher and defendant left the party and later returned with several cases of beer.
Following the investigation J.B. Benson, Barry DeJaegher and defendant were charged with burglary of the Melstone Bar and Cafe. Atrial was conducted on October 4, 1993. The jury found defendant guilty of felony theft on the basis of a lesser included offense instruction offered by the State.
The sole issue on appeal is whether, following the completion of the trial, the District Court erred in denying defendant’s motion for a directed verdict for failure to prove elements of felony theft.
Defendant does not challenge the validity of the lesser included offense instruction on felony theft, but rather challenges the sufficiency of the evidence to sustain the jury’s verdict.
The standard of review for a District Court’s decision on a motion for a directed verdict is the same standard that applies to a decision on a motion to dismiss due to insufficient evidence. State v. Downing (1989), 240 Mont. 215, 217, 783 P.2d 412, 414. The motion should only be granted when there is no evidence upon which a trier of fact could render a verdict. State v. Lyons (1992), 254 Mont. 360, 363, 838 P.2d 397, 399.
Felony theft is defined by § 45-6-301, MCA (1993), set forth in part as follows:
(1) Aperson commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
(a) has the purpose of depriving the owner of the property;
*62 (b) A person convicted of the offense of theft of property exceeding $300 in value or theft of any commonly domesticated hoofed animal shall be fined not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed 10 years, or both.
Defendant contends that this Court reversed the conviction of J.B. Benson, who had also been charged in connection with the break-in at the Melstone Bar. J.B. Benson was convicted of the crime of burglary. We held the State had failed to prove by either direct or circumstantial evidence that J.B. Benson had unlawfully entered the Melstone Bar with the purpose of committing an offense. A conviction of burglary may be upheld if possession of stolen property, accompanied by other incriminating circumstances, and a false or unreasonable explanation by the accused is shown. State v. Benson (1994), 266 Mont. 415, 418, 880 P.2d 1338, 1340.
Because the jury convicted defendant of the crime of felony theft as a lesser included offense of burglary, we need not discuss the elements of burglary. The testimony shows that the defendant had unauthorized control over the property of the Metzgers depriving them of the property.
The defendant rented a room in the Murnion trailer. Defendant testified he was paying rent for the trailer at the time of the robbery, but claims that he did not stay there very much and actually resided with his parents at the family ranch. On the night of the robbery defendant spent some time at the trailer alone prior to the robbery, was there with friends after the robbery and spent the night there.
The evidence showed that items taken from the Bar were found in the Murnion trailer in the common areas used by all of the occupants of the trailer. Stolen merchandise was found in the kitchen, in the refrigerator and in the garbage can. In addition, Deputy Fischer testified that he found four packs of unopened Marlboro cigarettes in the defendant’s bedroom in the Murnion trailer.
Judy Metzger identified the plastic wrap found in Murnion’s trailer as the wrap used to cover hamburger patties at the Cafe. She also identified the wax paper found in Murnion’s trailer as the same kind of paper she used to separate the patties before wrapping them in plastic.
Melvin Metzger identified the bottle of Jim Beam by its handwritten price, and he was also able to identify the handwriting on the Crown Royal box found in the trailer. Metzger further testified that the bottle of champagne seized was the same brand purchased by the *63 Bar for the New Year’s party and that the champagne had been taken the night of the crime.
The Metzger’s testified that the Bar was broken into between 2:00 and 5:00 a.m. Defendant admits he left the party with J.B. Benson and Barry DeJaegher around 2:00 a.m. to retrieve more beer. When the three returned to the party in the Murnion trailer they were carrying three cases of beer.
We conclude there was sufficient evidence in the record to support the jury finding that the defendant was guilty of felony theft. Circumstantial evidence when sufficient, will support a criminal conviction. State v. Bromgard (1993), 261 Mont. 291, 295, 862 P.2d 1140, 1142. We hold the District Court did not err in denying the defendant’s motion for a directed verdict.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICE TRIEWEILER concur.