No. 97-217

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 100

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL C. HEGG,

Defendant and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Wald; Attorney at Law; Miles City, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General;
Helena, Montana

Garry P. Bunke, Custer County Attorney; Miles City, Montana

Submitted on Briefs: February 18, 1998

Decided:   April 30, 1998
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1    The defendant, Michael C. Hegg, was charged in the District Court for the Sixteenth Judicial District in Custer County with multiple drug-related offenses, including criminal forfeiture.  After the State presented its case at trial, Hegg moved to dismiss the criminal forfeiture charge.  The District Court denied the motion, and the jury convicted Hegg of all counts.  Hegg appeals the denial of his motion to dismiss.  We reverse in part the judgment of the District Court.

¶2    The sole issue on appeal is whether the District Court erred when it held that there was sufficient evidence for the jury to have found beyond a reasonable doubt that Hegg owned or possessed property subject to criminal forfeiture and denied Hegg's motion to dismiss.

FACTUAL BACKGROUND

¶3    On July 21, 1995, Montana law enforcement officers searched Michael Hegg's house in Miles City.  The warrant pursuant to which they did so had been obtained in reliance on a statement from another individual that Hegg supplied her with drugs.

¶4    The officers found and seized quantities of marijuana, methamphetamine, and hashish.  In addition, they seized $7897 in cash, numerous loaded guns, a coin collection, a safe, and three scales.  They arrested Hegg that same day.

¶5    On August 21, 1995, Hegg was charged by information with four counts of felony criminal possession with intent to sell, pursuant to § 45-9-103, MCA, one count of misdemeanor criminal possession of drug paraphernalia, pursuant to § 45-10-103, MCA, and one count of felony criminal forfeiture, pursuant to § 45-9-206, MCA.  Two counts of felony criminal possession with intent to sell were eventually dropped in an amended information.  The criminal forfeiture count alleged that Hegg "knowingly possessed, owned, used, or attempted to use property that is subject to criminal forfeiture that was used to facilitate a violation of 45-9-103, and/or intended for use in manufacturing, preparing, cultivating, compounding, processing, delivering, importing, or exporting a dangerous drug in violation of 45-9-103, and/or used as a container for money, raw materials, products, equipment." It then listed each item of property, including the cash, coins, scales, safe, and guns.

¶6    A three-day jury trial was held in January 1996.  The State presented five witnesses, including three officers who were present when Hegg's house was searched and his property seized, a forensic chemist from the State Crime Lab, and the individual whom Hegg had supplied with drugs.  At the close of their testimony, Hegg moved to dismiss the count that he criminally possessed and intended to sell the marijuana found in his possession, based on his assertion that the State had failed to establish that he intended to sell it, and the criminal forfeiture count, based on his assertion that the State failed to connect the property to the drug violations.  The District Court denied the motions; however, it deemed the safe and coin collection withdrawn from the items to

be forfeited.  Hegg presented no witnesses.

¶7    The jury was given a special verdict form that listed each item of property subject to forfeiture.  The jury found Hegg guilty of all counts, and determined by the special verdict that every item listed should be forfeited.  The District Court sentenced Hegg to ten years for each felony offense, and six months for the misdemeanor offense, all of which were to run concurrently.  In addition, the property was ordered forfeited to the State.

## DISCUSSION

¶8    Did the District Court err when it held that there was sufficient evidence for the jury to have found beyond a reasonable doubt that Hegg owned or possessed property subject to criminal forfeiture and denied Hegg's motion to dismiss?

¶9    Pursuant to § 46-16-403, MCA, a district court may, at the close of the State's case and after a motion from the defendant, dismiss charges against the defendant if the evidence is insufficient to support a conviction.  See § 46-16-403, MCA.  We review a district court's refusal to grant a defendant's motion to dismiss to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See State v. Mummey (1994), 264 Mont. 272, 276, 871 P.2d 868, 870.  Our review is the same as when we consider whether sufficient evidence exists to support a conviction.  See State v. Ahmed (1996), 278 Mont. 200, 206, 924 P.2d 679, 683; State v. Richards (1995), 274 Mont. 180, 184, 906 P.2d 222, 224.

¶10   Hegg concedes that there was sufficient evidence to support his conviction of all counts other than criminal forfeiture.  Regarding the forfeiture count, however, he asserts that the State failed to present any evidence that the property had been used or that he intended that it be used in a manner that would violate § 45-9-206, MCA, and that the limited circumstantial evidence before the jury was insufficient to satisfy the requirement of a statutory connection between the property and illegal drug activity.

¶11   Section 45-9-206, MCA, states:
     (1) A person commits the offense of use or possession of
   property subject to criminal forfeiture if the person knowingly
   possesses, owns, uses, or attempts to use property that is subject
   to criminal forfeiture under this section. A person convicted of
   the offense of use or possession of property subject to criminal
   forfeiture shall be imprisoned in the state prison for a term not
   to exceed 10 years. Upon conviction, the property subject to
   criminal forfeiture is forfeited to the state and must be disposed
   of in accordance with the provisions of 44-12-205 and
   44-12-206.
     (2) The following property is subject to criminal
   forfeiture under this section:
     (a) money, raw materials, products, equipment, and other
   property of any kind that is used or intended for use in

manufacturing, preparing, cultivating, compounding, processing, delivering, importing, or exporting a dangerous drug in violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110;

(b) property used or intended for use as a container for property enumerated in subsection (2)(a);

. . . .

(d) books, records, research products and materials, formulas, microfilm, tapes, and data used or intended for use in connection with a violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110;

(e) (i) everything of value furnished or intended to be furnished in exchange for a dangerous drug in violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110; and

(ii) all proceeds traceable to such an exchange;

(f) money, negotiable instruments, securities, and weapons used or intended to be used to facilitate a violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110;

(g) personal property constituting or derived from proceeds obtained directly or indirectly from a violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110; and

. . . .

(3) A conveyance is not subject to criminal forfeiture under this section unless the owner or other person in charge of the conveyance knowingly used the conveyance to violate or knowingly consented to its use for the purpose of violating 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110.

. . . .

(5) Property subject to criminal forfeiture under this section may be seized under the following circumstances:

(a) A peace officer who has probable cause to make an arrest for a violation of 45-9-101, 45-9-103, or 45-9-110 or of 45-4-102 when the object of the conspiracy was a violation of 45-9-101, 45-9-103, or 45-9-110 may seize a conveyance obtained with proceeds of the violation or used to facilitate the violation and shall immediately deliver the conveyance to the peace officer's law enforcement agency, to be held as evidence until a criminal forfeiture is declared or release ordered.

(b) Property subject to criminal forfeiture under this section may be seized by a peace officer under a search warrant issued by a court having jurisdiction over the property.

This Court has not yet addressed the applicability of the statute and the State's burden pursuant to it.

¶12    The State contends here that the mere proximity of the guns, cash, and scales to Hegg's illegal drugs is sufficient evidence to prove that he used or possessed the items for one of the prohibited purposes.  The State concedes that the evidence is circumstantial and that the jury was forced to infer from the items' presence in the house and its knowledge of the drug trade that the guns, cash, and scales facilitated Hegg's illegal drug operation in violation of § 45-9-206, MCA.

¶13  It is well-established that circumstantial evidence is sufficient to prove any element of an offense and/or to sustain a conviction.  See State v. Treible (1996), 275 Mont. 59, 63, 910 P.2d 237, 239; State v. Mergenthaler (1994), 263 Mont. 198, 204, 868 P.2d 560, 563.  It is also well-established that the State must establish each and every element of an offense by proof beyond a reasonable doubt.  See State v. Fuller (1994), 266 Mont. 420, 422, 880 P.2d 1340, 1342.  We have stated that a jury cannot convict a defendant on the basis of his guilt beyond a reasonable doubt where the evidence only supports a strong probability, a justifiable suspicion, or a shrewd conjecture that he is guilty.  See State v. Armstrong (1980), 189 Mont. 407, 413, 616 P.2d 341, 345.

¶14  The amended information alleged, pursuant to the forfeiture statute, that Hegg knowingly possessed, owned, used, or attempted to use property that facilitated his illegal drug activity.  The extent of the State's proof that the property facilitated the illegal drug activity was evidence that the items were either in the house or in Hegg's immediate possession.  We decline, however, to affirm a criminal forfeiture conviction based on what amounts to no more than a justifiable suspicion.  The statute does not allow the State to convict a defendant and seize his property without showing that the property was used to facilitate or derived from illegal drug activity.  Here, the necessary proof has not been presented.

¶15  None of the witnesses suggested, for example, that the guns were used to protect his illegal operation or to aid in his delivery of illegal drugs, or that the cash that was confiscated from his person was traceable to illegal drug sales, or that the scales reflected the presence of dangerous drugs.  They testified only that multiple loaded guns were found throughout the house, that the cash was secured in lockboxes in his house and on his person, and that the scales were located near drugs and drug paraphernalia.  We conclude that the State's suggestion of guilt by association is insufficient to establish beyond a reasonable doubt that a statutory connection exists between the property and the drug activity.

¶16  We recognize that guns, ammunition, cash, and scales might, in fact, be used in connection with an illegal drug operation.  However, they are also common items which many Montanans possess and use for lawful purposes. Here, the record reflects that Hegg was employed and that he did not generally use bank accounts.  It also reflects that the kind of scales discovered in Hegg's

house are used to prepare ammunition or in work with gemstones, both of which were also found in Hegg's home.  Finally, the record suggests that the majority of the weapons were found in Hegg's bedroom.

¶17  We recognize that matters of witness credibility and fact-finding are ultimately within the province of the jury.  See State v. Harper (Mont. 1997), 943 P.2d 1255, 1257, 54 St. Rep. 837, 838.  But if the evidence, even when viewed most favorably toward the State, supports no more than a strong probability or a justifiable suspicion, a jury cannot find guilt beyond a reasonable doubt and there is insufficient evidence for a conviction.  See Armstrong, 189 Mont. at 413, 616 P.2d at 345.

¶18  In order for the State to criminally convict a citizen and deprive him of his property pursuant to § 45-9-206, MCA, we hold that it must establish, whether by direct or circumstantial evidence, a more substantial connection between such common items as the ones at issue here and illegal drug activity than merely their proximity to one another in a residence.

§19  Our decision is compelled by the well-established principle that the State bears the burden of proving each element of a criminal offense beyond a reasonable doubt.  See Fuller, 266 Mont. at 422, 880 P.2d at 1342.  As applied to the forfeiture offense charged, that principle requires that the State must prove not only that property has the required statutory connection to illegal drug activity, but that each specific item of property seized is subject to forfeiture.

§20  The history of § 45-9-206, MCA, clearly reflects that when the Legislature considered the statute, it anticipated that proof beyond a reasonable doubt would be necessary for conviction or forfeiture.  See Criminal Forfeiture: Hearing on S.B. 229 Before the House Judiciary Comm., 54th Legislature 24 (March 6, 1995) (statement of Marty Lambert, Gallatin County Attorney); Criminal Forfeiture: Hearing on S.B. 229 Before the Senate Judiciary Comm., 54th Legislature 24 (January 30, 1995) (statement of Karen Townsend, Deputy County Attorney, Missoula County).

¶21  Prior to the criminal forfeiture statute, a defendant's drug-related property could only be forfeited pursuant to §§ 44-12-101 to -206, MCA, which authorize forfeiture based on a probable cause standard and place the burden on the defendant to rebut the presumption of forfeiture.  It is well-established that a reasonable doubt standard creates a greater burden for the State than a probable cause standard.  See, e.g., United States v. 316 Units of Mun. Sec. in the Name of Efrain Gonzalez (S.D.N.Y. 1989), 725 F. Supp. 172, 175-76 (because the reasonable doubt burden of proof in criminal cases is greater than the probable cause burden in civil cases, a criminal acquittal has no collateral estoppel effect on the government's ability to seek civil forfeiture for the same conduct that formed the basis of the criminal allegations).  In fact, § 45-9-206, MCA, was enacted to allow the State to seek forfeiture of drug-related property criminally and avoid any challenge to the civil forfeiture statute based on double jeopardy.  Accordingly, we recognize the State's increased burden of proof.

¶22   We acknowledge that the circumstantial evidence in certain cases may be sufficient to prove beyond a reasonable doubt that a connection exists between an item of property and illegal drug activity.  However, we conclude that the kind and amount of circumstantial evidence offered in this case is insufficient as a matter of law to warrant the jury's finding of guilt beyond a reasonable doubt.  Were we to conclude otherwise and hold that the State need only identify the presence of certain items in a house to support a jury finding that the property was subject to forfeiture, we would essentially eliminate the increased burden and heightened standard of proof in § 45-9-206, MCA, and permit a jury to convict a defendant based purely on its own speculation as to what kinds of property might facilitate or be the proceeds of illegal drug activity.

¶23   Even on appeal, the State's argument that there was sufficient evidence to connect the property to illegal drug activity is based not on any legal authority or evidence regarding the specific items' use in drug activity, but rather on conjecture about how Hegg's "ramshackle crank house" makes inevitable the conclusion that he must have used the items for drug activity. We specifically reject the State's assertion that "[t]here is no rational explanation for the [property] except that Hegg used these items in connection with his drug trade."  Even if we view the evidence in a light most favorable to the State, we disagree with this overstatement of the facts.  More importantly, our criminal system puts the burden on the State to prove that the items were used in an illegal manner; it is not Hegg's burden to show that they were used for a lawful purpose.

¶24   Accordingly, we conclude that the jury could not have rationally found beyond a reasonable doubt that the items satisfied the statutory requirements of § 45-9-206, MCA, and constituted property subject to criminal forfeiture. The District Court erred when it denied Hegg's motion to dismiss on the basis that there was insufficient evidence for a jury to find beyond a reasonable doubt that Hegg's property was subject to criminal forfeiture.

¶25   We reverse in part the judgment of the District Court and order that it dismiss the criminal forfeiture charge against Hegg.  Pursuant to our holding, we also order the State to return the property seized from Hegg.

                    /S/   TERRY N. TRIEWEILER


We Concur:

/S/   J. A.  TURNAGE
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART
/S/   KARLA M. GRAY