DA 13-0654

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 169

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SETTIMO LANDELL GREGORI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Blaine, Cause No. DC 12-15
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lindsay A. Lorang, Lorang Law, P.C., Havre, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Don Ranstrom, Blaine County Attorney, Chinook, Montana

Submitted on Briefs:  June 4, 2014
Decided:  July 1, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      In September 2012, Settimo "Sam" Gregori was charged with two counts of felony Partner or Family Member Assault (PFMA)—one charge pertaining to his brother Michael (Count I) and one charge pertaining to his niece Kodie (Count II). The Montana Seventeenth Judicial District Court conducted a jury trial in March 2013. At the close of the State's case, Gregori moved for judgment as a matter of law as to Count II arguing that Kodie was not a "family member" as that term is defined in the applicable statute, § 45-5-206, MCA (2011).[1] The District Court denied the motion and the jury convicted Gregori on Count II. Gregori appeals. We reverse and remand.

## ISSUE

¶2      Did the District Court err when it denied Gregori's motion to dismiss Count II?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On September 8, 2012, brothers Michael and Sam Gregori had been drinking heavily and were severely intoxicated when a violent argument erupted. As the men argued and fought, Michael's daughter Kodie tried to intervene but to no avail. Furniture was destroyed, blood was spilled, and Michael fell, or was pushed, from a balcony and suffered a broken hip. The brothers' mother called the police and reported that Gregori had pushed Michael off the balcony. When the responding officers arrived, Kodie told them that Gregori punched her in the face twice when she attempted to stop the fight.

---

[1] When deciding a case involving the commission of a crime, we use the criminal statutes in effect at the time of the commission. *State v. Clark*, 2008 MT 391, ¶ 37, 347 Mont. 113, 197 P.3d 977. For this reason, all references to the criminal statutes in this case will be to the statutes in effect in 2011 unless otherwise expressly indicated.

¶4 On September 24, 2012, Gregori was charged with two counts of PFMA, both felonies. Gregori pleaded not guilty to the charges. On March 13, 2013, the District Court conducted a jury trial. At the close of the State's case, Gregori moved for judgment as a matter of law as it pertains to Count II, claiming Kodie was not a "family member" as that term is defined in § 45-5-206, MCA. The District Court denied his motion. The jury convicted Gregori of Count II PFMA for his assault on Kodie but acquitted him on Count I. Gregori appeals the District Court's denial of his motion. We reverse and remand.

## STANDARD OF REVIEW

¶5 A motion to dismiss for insufficient evidence may be made at the close of the prosecution's evidence or at the close of all the evidence. Section 46-16-403, MCA. The motion should be granted only if, viewing the evidence in the light most favorable to the prosecution, there is not sufficient evidence upon which a rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. We review de novo a district court's conclusion as to whether sufficient evidence exists to convict. *State v. Criswell*, 2013 MT 177, ¶ 12, 370 Mont. 511, 305 P.3d 760 (internal citations omitted).

## DISCUSSION

¶6 *Did the District Court err when it denied Gregori's motion to dismiss Count II?*

¶7 Section 45-5-206, MCA, sets forth the penalty for the crime of PFMA. A person commits the offense of PFMA if the person "(a) purposely or knowingly causes bodily injury to a partner or family member; (b) negligently causes bodily injury to a partner or family member with a weapon; or (c) purposely or knowingly causes reasonable apprehension of bodily injury in a partner or family member." Section 45-5-206(1), MCA.

3

¶8     Section 45-5-206(2)(a), MCA, provides: "'Family member' means mothers, fathers, children, brothers, sisters, and other past or present family members of a household. These relationships include relationships created by adoption and remarriage, including stepchildren, stepparents, in-laws, and adoptive children and parents. These relationships continue regardless of the ages of the parties and whether the parties reside in the same household."

¶9     "Household" is not defined in the statute but is defined in Black's Law Dictionary as a "group of people who dwell under the same roof." Black's Law Dictionary 808, (Bryan A. Gardner ed., 9th ed., West 2009).

¶10    Gregori argues that Kodie is not a mother, father, child, brother or sister of his, and that she does not otherwise qualify as a "family member" under the statute because it is undisputed that she and Gregori never resided in the same household. Therefore, the plain language of the statute precludes Kodie from being considered a family member for purposes of a PFMA conviction, and the charge against him as it pertains to Kodie must be dismissed.

¶11    The District Court focused on the last sentence of § 45-5-206(2)(a), MCA, particularly the last eight words providing "whether the parties reside in the same household," and concluded that "two households . . . can be taken into consideration in defining the term 'family member'"—the defendant's household and the victim's. Upon this statutory construction, the court determined that Kodie was a "family member" because she resided in the household of another victim, Michael. On these grounds, the court denied Gregori's motion for judgment as a matter of law.

4

¶12    Section 45-5-206(1), MCA, addresses the penalties faced by a defendant; *i.e.*, the "person commit[ting] the offense of . . . family member assault." Therefore, we must construe the meaning of "family member" in the context of the defendant. Because families can include distant and extended members, the Legislature chose to limit the relationships that would subject a defendant to criminal penalties for PFMA. It therefore defined family member to include persons of close consanguinity—parents, offspring,[2] and siblings—as well as other close familial but non-consanguineous persons—such as stepparents, stepchildren, and in-laws who are members of the household. It is reasonable and typical that persons within these familial groups would, at times, live together in the same dwelling or household.

¶13    We have not previously had occasion to interpret § 45-5-206(2)(a), MCA; thus, the District Court had no guidance to inform its analysis. In construing a statute, it is well-established that legislative intent must first be determined from the plain words used in the statute. If the meaning of a statute is clear on its face, we will not resort to the statute's legislative history. *State v. Johnson,* 2012 MT 101, ¶ 26, 365 Mont. 56, 277 P.3d 1232. If after reviewing the plain words, however, confusion or ambiguity exists, we turn to the legislative history for guidance. *State v. Goebel*, 2001 MT 73, ¶ 21, 305 Mont. 53, 31 P.3d 335. As discussed below, we conclude the statute is clear on its face and does not support the District Court's interpretation. Under other circumstances, we would conclude our analysis with this declaration and not resort to legislative history. However, to the extent

---

[2] Adopted children are generally considered consanguineous relationships despite the absence of an actual blood relationship.

the plain language of the statute leaves any doubt, we look to the legislative history to determine whether—as the District Court concluded—the Legislature intended to include in the definition of "family member" a relative who has never lived with the defendant but has lived with another family member who was also a victim of PFMA.

¶14    In 1985, the Legislature enacted the first domestic abuse statute which included the term "family member or household member." This term was defined as "a spouse, former spouse, adult person related by blood or marriage, or adult person of the opposite sex residing with the defendant or who formerly resided with the defendant." Section 45-5-206(2)(a), MCA (1985). On February 19, 1993, the Montana Senate Judiciary Committee held a hearing on Senate Bill 406 which proposed changes to the domestic violence laws relating to who could obtain temporary restraining orders. Acknowledging that the focus of these proposed revisions was to expand the category of persons who could obtain a TRO to include, for example, "women who have had children with their abuser but have not set up a common household with the abuser," this Bill resulted in adoption of the current definition of "family member" and is therefore relevant to the proper interpretation of the statute.

¶15    A proponent of the bill explained that the intent of the new definition of family member:

> was to include household members in addition to family members. For instance if an uncle was living in the home and abused his niece, he would be considered a member of the household, therefore he would be subject to the restraining order. However, if he did not live in the household, he would not be included.

This proponent further explained that the sponsors of the Bill "wanted to expand the definition, but did not want to include all of an extended family. The definition would

6

only include someone who lived in the household." Based upon the Legislative history and the language of the statute in its entirety, we conclude the Legislature is referencing <u>the defendant's</u> household in the statute, and not that of a separate victim.

¶16 This interpretation is in keeping with that of other jurisdictions that have codified domestic violence or family member assault laws. For example, ORC Ann. 2919.25(F)(1)(a)(i) – (iii) provides that the family or household member must reside with or has resided with the offender. Virginia Code Ann. § 18.2-57.2 incorporated the following definition of "family and household member" codified at Va. Code Ann. § 16.1-228:

> i) the person's spouse, whether or not he or she resides in the same home with the person,
> (ii) the person's former spouse, whether or not he or she resides in the same home with the person,
> (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren, regardless of whether such persons reside in the same home with the person,
> (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person,
> (v) any individual who has a child in common with the person, whether or not the person and that individual have been married or have resided together at any time, or
> (vi) any individual who cohabits or who, within the previous 12 months, cohabited with the person, and any children of either of them then residing in the same home with the person.

Wyoming statute § 35-21-102(a)(iv) defines "household member" as applied to Wyo. Stat. § 6-2-501 to include:

> (A)  Persons married to each other;
> (B)  Persons living with each other as if married;
> (C)  Persons formerly married to each other;
> (D)  Persons formerly living with each other as if married;
> (E)  Parents and their adult children;
> (F)  Other adults sharing common living quarters;

(G) Persons who are the parents of a child but who are not living with each other; and
(H) Persons who are in, or have been in, a dating relationship.

We acknowledge that the language of the above statutes differs significantly from the language of Montana's PFMA statute. However, the point is that a common predicate of these and other domestic abuse statutes is that the victim lives or has lived under the same roof as the defendant. None of the statutes surveyed has included as a "family member" a victim who lives or has lived with another victim.

¶17 Finally, we observe that even if we could accept the District Court's interpretation of the statute, the PFMA conviction as to Kodie would still be subject to dismissal under the circumstances of this case. A victim is defined in § 45-5-231(1), MCA, as "a person against whom the offender committed an assault." Because Gregori was acquitted of assaulting Michael, Michael was not a "victim." This being so, Kodie did not reside in either the defendant's *or* a victim's household, and thus the requisites of the PFMA statute could not be met under either scenario.

¶18 We conclude that Kodie was not a "family member" as defined by the applicable statute because no evidence was presented that Gregori and Kodie resided together in the same household at any time. There was therefore insufficient evidence upon which a rational trier of fact could find the essential statutory elements of the offense of PFMA as to Kodie beyond a reasonable doubt. *Criswell*, ¶ 12. The District Court therefore erred in refusing to dismiss Count II upon motion of the defendant.

**CONCLUSION**

¶19    For the foregoing reasons, we reverse and remand with instructions to the District

Court to vacate its Order of Judgment and Sentence and enter an order dismissing the charge.


                                        /S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE