After discussion, the judge granted Smith's motion, finding the prosecution did not provide any evidence proving one of the elements of the firearm-possession charge. Smith , 543 U.S. at 465, 125 S.Ct. at 1132. Smith's co-defendant then presented evidence from one witness and both defendants rested. Before closing arguments, the trial judge, at the prosecutor's request, reversed her previous ruling and allowed the firearm-possession charge to go to the jury. Smith , 543 U.S. at 465, 125 S.Ct. at 1133. The jury convicted Smith of all three counts. Smith , 543 U.S. at 466, 125 S.Ct. at 1133. Smith appealed his conviction, arguing that the court's reconsideration and reversal of its not guilty finding subjected him to double jeopardy.
¶13 The U.S. Supreme Court considered the issue of "whether the Double Jeopardy Clause forbade the judge to reconsider that acquittal later in the trial." Smith , 543 U.S. at 464, 125 S.Ct. at 1132. The Court first determined that the judge's initial ruling on Smith's motion was a judgment of acquittal because the ruling was based on the judge's determination that the prosecution's evidence was legally insufficient to sustain a conviction. Smith , 543 U.S. at 468-69, 125 S.Ct. at 1134-35. The Court then determined that the Double Jeopardy Clause prohibited the judge from reconsidering the acquittal, holding:
If, after a facially unqualified midtrial dismissal of one count, the trial has proceeded to the defendant's introduction of evidence, the acquittal must be treated as final, unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence.
Smith , 543 U.S. at 473, 125 S.Ct. at 1137. The Court emphasized that the defendant had no reason to doubt the finality of the trial court's ruling. Smith , 543 U.S. at 470, 125 S.Ct. at 1135. The Court noted that, "as a general matter state law may prescribe that a judge's midtrial determination of the sufficiency of the State's proof can be reconsidered." Smith , 543 U.S. at 470, 125 S.Ct. at 1136. However, at the time of defendant's trial, Massachusetts did not have a nonfinality rule. Smith , 543 U.S. at 471, 125 S.Ct. at 1136. The Court reasoned that a defendant may alter the way he presents his defense in reliance on the trial judge's mid-trial final judgment of acquittal, so permitting the trial *617 judge to later reverse a presumptively final decision may cause the defendant prejudice. Smith , 543 U.S. at 471-72, 125 S.Ct. at 1136-37.
¶14 Barrows and the State agree the pertinent Montana statutory authority lies in § 46-16-403, MCA (emphasis added):
When, at the close of the prosecution's evidence or at the close of ***364 all the evidence, the evidence is insufficient to support a finding or verdict of guilty, the court may, on its own motion or on the motion of the defendant, dismiss the action and discharge the defendant. However, prior to dismissal, the court may allow the case to be reopened for good cause shown.
Barrows argues the statute permits a charge dismissed midtrial to be reopened only if the charge is reopened before the midtrial dismissal actually occurs. Thus, Barrows contends that § 46-16-403, MCA, "means a court may not reconsider its decision to dismiss a charge once a midtrial dismissal occurs." Barrows also argues that his trial represents the very situation Smith was explicitly aimed at avoiding as after the Lorazepam charge was dismissed Barrows chose to testify and made statements and admissions that he may not have otherwise made.
¶15 The State argues the plain language of § 46-16-403, MCA, "indicates that unless or until the court has dismissed the action or case and discharged the defendant, a trial court retains the authority to reconsider a determination on the sufficiency of the evidence." The State asserts the language "action" or "case" means the entire legal proceeding-not a single charge within such a proceeding. The State argues § 46-16-403, MCA, "means a decision acquitting a defendant of a single count in a multi-count information necessarily remains nonfinal and can be reconsidered until the completion of the action or case as a whole." Thus, the State urges this Court to hold that a judge-directed acquittal is only final and irreversible after the conclusion of the entire proceeding, and prior to that time, the judge retains the authority to reconsider that decision upon a showing of good cause. The State's argument is not persuasive, is inconsistent with this Court's interpretation of § 46-16-403, MCA, and is contradictory.
¶16 Dismissal of a charge for insufficiency of the evidence is an acquittal, even if the dismissal is in error. Evans v. Michigan , 568 U.S. 313, 320, 133 S.Ct. 1069, 1075, 185 L.Ed.2d 124 (2013). If § 46-16-403, MCA, were interpreted as the State urges, the statute would not permit midtrial acquittals of less than all the charges in multi-count trials as dismissal of anything less than all the counts would not "dismiss the action and discharge the defendant." This Court has applied § 46-16-403, MCA, to authorize midtrial dismissals of single counts in multi-count trials. E.g. , State v. Gregori , 2014 MT 169, ¶¶ 1, 18, 375 Mont. 367, 328 P.3d 1128 (ruling the trial court erred by failing to grant defendant's motion, at the close of State's evidence, to dismiss one count in the defendant's multi-count trial); State v. Hegg , 1998 MT 100, ¶¶ 1, 25, 288 Mont. 254, 956 P.2d 754 (same).
***365 ¶17 We agree with Barrows that the terms "action" and "case" are dependent on the context. As Barrows correctly notes, § 46-16-403, MCA, addresses the evidence being "insufficient to support a finding or verdict of guilty." Clearly, such a finding or verdict is made on each particular charge, not the entire proceeding. In the context of midtrial dismissal of less than all counts of a multi-count trial, "action" and "case" refer to whether the defendant committed a particular offense, not the entire proceeding. Under the State's argument a judicially-directed midtrial acquittal would not become final and irreversible until a finding or verdict is rendered on all counts of a multi-count trial and the entire judicial proceeding is concluded. This is inconsistent with prior holdings of this Court. E.g. , Gregori , ¶¶ 1, 18 ; Hegg , ¶¶ 1, 24.
¶18 The State asserts Barrows has not met his burden to invoke plain error review, incredibly asserting, "no miscarriage of justice would occur if this conviction were upheld." In this case, the District Court's mid-trial ruling dismissing the Lorazepam drug possession charge or count was a judgment of acquittal. This acquittal must be treated as final unless the availability of reconsideration "has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence."
*618 Smith , 543 U.S. at 473, 125 S.Ct. at 1137. Section 46-16-403, MCA, did not provide the District Court authority to reopen and reconsider its midtrial ruling as its reconsideration occurred after the charge or count was dismissed. As such, the District Court violated Barrows's right to avoid double jeopardy as he was convicted of an offense of which he had already been acquitted. Barrows is now facing a five-year prison sentence. Punishing Barrows for an unconstitutional conviction is by its nature a manifest miscarriage of justice, is fundamentally unfair and compromises the integrity of the judicial process. We therefore reverse on this issue and remand to the District Court for dismissal of the Lorazepam drug possession charge and vacation of the sentence imposed thereon.
¶19 2. Whether the District Court violated Barrows's right to represent himself?
¶20 A defendant has a right to represent himself in a state criminal trial upon a defendant's waiver of his Sixth Amendment right to counsel and an unequivocal invocation of the right to self-representation. Faretta , 422 U.S. at 835, 95 S.Ct. 2525. This is generally referred to as a Faretta waiver. To effectuate a Faretta waiver the invocation of the right to self-representation must be unequivocal, voluntary, knowing, and intelligent. State v. Langford , 267 Mont. 95, 99, 882 P.2d 490, 492 (1994). As noted by the State, this court has previously ***366 discussed the basis for the Faretta waiver to meet these criteria:
The requirement that a request for self-representation be unequivocal also serves an institutional purpose: It prevents a defendant from taking advantage of the mutual exclusivity of the rights to counsel and self-representation. A defendant who vacillates at trial between wishing to be represented by counsel and wishing to represent himself could place the trial court in a difficult position: If the court appoints counsel, the defendant could, on appeal, rely on his intermittent requests for self-representation in arguing that he had been denied the right to represent himself; if the court permits self-representation the defendant could claim he had been denied the right to counsel. The requirement of unequivocality resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel.
Langford , 267 Mont. at 100, 882 P.2d at 493. Determination of whether the defendant has effectuated an unequivocal, voluntary, knowing, and intelligent request to represent himself is determined by a review of the entire record. Langford , 267 Mont. at 99, 101, 882 P.2d at 492, 493. Further, the right to self-representation is not limitless and may be removed if a defendant engages in obstructionist misconduct or "abuse[s] the dignity of the courtroom." Faretta , 422 U.S. at 834 n.46, 95 S.Ct. 2525.
¶21 Although Barrows did make one unequivocal request to represent himself, the record on a whole supports the District Court's determination that Barrows did not really want to represent himself. Instead, Barrows desired not to have his appointed legal counsel represent him. At the time of trial, Barrows repeatedly expressed displeasure with his appointed counsel. After initially expressing a desire to represent himself, Barrows was advised of the perils of doing so and did not again request to represent himself until all evidence was presented and the court and the parties were in the process of settling jury instructions. Thereafter, in an apparent attempt to delay the verdict, Barrows began exhibiting inappropriate and disruptive behaviors, further evidencing it was not appropriate for him to represent himself. From this behavior, it is clear Barrows was not able or willing to conform his behaviors to abide by rules of the courtroom and was at risk of continuing to abuse the dignity of the courtroom and engage in obstructionist misconduct such that he could not represent himself. The record on a whole demonstrates Barrows's invocation of the right to self-representation was not unequivocal, voluntary, knowing, and intelligent. The District Court's ruling maintaining Barrows's appointed legal counsel was supported by substantial evidence.
***367 ¶22 3. Whether the District Court's written judgment conforms with its oral pronouncement and statutory IT and prosecution surcharges?
¶23 The oral pronouncement of sentence controls where a conflict exists between *619 the oral and written judgments. State v. Hammer , 2013 MT 203, ¶ 27, 371 Mont. 121, 305 P.3d 843. The $10 IT statutory surcharge may only be imposed once under each separate criminal cause number and may not be imposed on each count. Section 3-1-317, MCA ; State v. Pope , 2017 MT 12, ¶ 32, 386 Mont. 194, 387 P.3d 870. When the State does not present any evidence of additional recoupable costs, as is the case herein, § 46-18-232, MCA, authorizes the district court to impose one fee of $100 under each separate felony criminal cause number. The parties agree the written judgment herein does not conform with the District Court's oral pronouncement at sentencing and the statutory IT and prosecutor surcharges. Thus, it is appropriate to remand this matter to the District Court to strike the sentence on page 2, "If paroled, Defendant shall comply with the following terms and conditions of parole:"; to strike conditions 1-12 and 19-40; to amend the total IT surcharge from $50 to $10; and to amend the prosecutor surcharge from $500 to $100 to conform the written judgment with its oral pronouncement and Montana law.
CONCLUSION
¶24 The District Court violated Barrows's right to avoid double jeopardy as he was convicted of an offense of which he had already been acquitted. Punishing Barrows for an unconstitutional conviction is by its nature a manifest miscarriage of justice, fundamentally unfair, and compromises the integrity of the judicial process. Further, the District Court did not err in maintaining Barrows's appointed legal counsel to represent him. Finally, the parties agree and the Court orders that the specified conditions and surcharges of the judgment be stricken and amended as set forth herein to conform the written judgment with its oral pronouncement and Montana law.
¶25 We reverse in part, affirm in part, and remand to the District Court for dismissal of the Lorazepam drug possession charge, vacation of the sentence imposed thereon, and amendment of the judgment consistent with this Opinion.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.