Chief Justice Mike McGrath delivered the Opinion of the Court.
¶ 1 This appeal stems from an October 2016 jury trial, which found James Morris *1198 Colburn guilty of sexual assault and sexual intercourse without consent against a minor.
¶ 2 We restate the issues on appeal as follows:
Issue One: Did the District Court abuse its discretion by admitting evidence of Colburn's Internet searches regarding incest and child pornography?
Issue Two: Did Colburn receive ineffective assistance of counsel?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 In 2013, Colburn was charged with two counts of incest against his daughter, C.C., one count of sexual intercourse without consent against a minor, R.W., and two counts of sexual assault against, R.W. A jury found Colburn guilty on all charges. Colburn appealed and this Court reversed his convictions and remanded for a new trial based on the District Court's application of the "rape shield" law, § 45-5-511, MCA. Following remittitur, the District Court held a status hearing. The State expressed its intention to retry the case. Colburn's trial counsel stated he had not been served with remittitur and that this was the first indication he had that the State intended to retry the case. Appellate counsel had been served. The same judge who presided over Colburn's first jury trial and his separate trial for possession and attempted possession of child pornography charges, was set to preside over his second trial. Trial counsel expressed the desire to substitute the judge and acknowledged his failure to move for the substitution within the twenty-day time limit. The District Court allowed trial counsel to file a late written motion for substitution with an explanation for the delay. On May 27, 2016, the District Court denied the motion for substitution as untimely, without a hearing.
¶ 4 Prior to the second trial, trial counsel filed a motion in limine to exclude evidence of Colburn's use of his computer to look for child pornography and evidence concerning his alleged possession of child pornography. The District Court denied the motion.
¶ 5 The second trial took place on October 3, 4, 5, and 7, 2016. During trial, a State Computer Crime Unit agent testified regarding his examination of Colburn's Internet search activity. The agent testified that the computer showed significant and repeated searches and visitation to websites that offer stories and material related to incest or sexual activities with children. The District Court precluded the actual content of the websites from being shown to the jury.
¶ 6 The jury found Colburn not guilty of incest, but guilty of the other three charges. The District Court sentenced Colburn to concurrent fifty-year terms of imprisonment for each conviction. Colburn appeals the denial of trial counsel's late motion to substitute the District Court judge and the denial of his motion to exclude evidence regarding the Internet search terms.
STANDARD OF REVIEW
¶ 7 District courts are vested with broad discretion in controlling the admission of evidence at trial. Seltzer v. Morton , 2007 MT 62, ¶ 65, 336 Mont. 225, 154 P.3d 561. We review the district court to determine whether the court abused its discretion. Seltzer , ¶ 65. In order to establish that a court abused its discretion, the appellant must demonstrate that the district court acted arbitrarily without conscientious judgment or exceeded the bounds of reason. Seltzer , ¶ 65.
¶ 8 This Court reviews ineffective assistance of counsel claims de novo, as it constitutes a mixed question of law and fact. Deschon v. State , 2008 MT 380, ¶ 16, 347 Mont. 30, 197 P.3d 476.
DISCUSSION
¶ 9 Issue One: Did the District Court abuse its discretion by admitting evidence of Colburn's Internet searches regarding incest and child pornography?
¶ 10 Colburn argues the District Court abused its discretion by admitting improper propensity evidence-that the defendant has a tendency toward certain behavior and thus most likely committed the crime at hand-in violation of M. R. Evid. 404(b).
*1199 State v. Dist. Court of the Eighteenth Judicial Dist. , 2010 MT 263, ¶ 47, 358 Mont. 325, 246 P.3d 415. The District Court, in a six-page written order, determined the State was not seeking admission of the evidence to show propensity, inappropriate character evidence, or that because he searched for child pornography or incest that Colburn had the tendency to commit a particular kind of wrongdoing. The District Court determined that the evidence was relevant and admissible under Montana law. The District Court then conducted a M. R. Evid. 403 balancing test and determined the evidence was not unfairly inflammatory or unfairly prejudicial. Further, the District Court found that excluding the evidence would create an unfair or incomplete picture for the jury's consideration.
¶ 11 On appeal, Colburn asserts that evidence of repeated Internet searches for the terms "dad and daughter sex," "mom and son sex," "preteen tube," "preteen pussy," and "daughter and sister sex," does not reveal a motive to inflict hands-on abuse or that he abused the young girls by accident or mistake. The State argues the evidence was relevant, and was used for a non-propensity purpose to prove the identity of the perpetrator as Colburn, Colburn's intent and mental state, and lack of a mistake or accident.
¶ 12 Montana Rule of Evidence 404(b) prohibits the admission of prior crimes, wrongs or acts "to prove the character of a person in order to show action in conformity therewith." However, M. R. Evid. 404(b) does allow the admission of evidence for non-propensity purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This Court has explained that this "is a non-exclusive list of permissible purposes that are not precise; rather, the categories are amorphous, overlapping, and dependent upon the underlying facts." State v. Blaz , 2017 MT 164, ¶ 12, 388 Mont. 105, 398 P.3d 247. "The distinction between admissible and inadmissible Rule 404(b) evidence turns on the intended purpose of the evidence, not its substance." Blaz , ¶ 12 (citing State v. Daffin , 2017 MT 76, ¶ 15, 387 Mont. 154, 392 P.3d 150 (quoting State v. Madplume , 2017 MT 40, ¶ 23, 386 Mont. 368, 390 P.3d 142 ) ).
¶ 13 In his first appeal, Colburn successfully argued that he should have been allowed to introduce evidence that R.W. had been sexually abused by her father, and therefore he was not the perpetrator of any abuse she may have suffered. State v. Colburn , 2016 MT 41, ¶¶ 19-30, 382 Mont. 223, 366 P.3d 258. The District Court allowed Colburn to present this evidence on retrial, thereby putting Colburn's identity at issue. Colburn specifically and intentionally put into trial the question of the identity of the perpetrator of these crimes. Colburn's search history revealed over a hundred searches for this content conducted at all hours of the day, and sometimes in the presence of his daughter and other children, during the same period these children were sexually abused. Evidence of Colburn's pervasive and specific sexual interest in incest and sexual abuse-related child pornography was relevant and probative of his identity as the perpetrator of incest against his daughter. At the very least, the evidence was relevant and admissible under M. R. Evid. 404 to prove Colburn's identity. Blaz , ¶ 16.
¶ 14 In its order, the District Court did not specifically mention identity as an appropriate use of this evidence; however, we will affirm the district court when it reaches the right result. Daffin , ¶ 34 (citing State v. Ellison , 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646 ). The State's use of the evidence to show identity and motive is sufficient to establish that the State's use of the evidence was admitted for proper purposes under M. R. Evid. 404. Daffin , ¶ 23. The District Court did not abuse its discretion by allowing its admission.
¶ 15 Colburn argues even if allowable under M. R. Evid. 404, the search-term evidence was unfairly prejudicial in violation of M. R. Evid. 403. He asserts the evidence distracted the jury from the main issue and served no purpose other than to incite the jury's hostility. The District Court determined the evidence was not unfairly prejudicial or unfairly inflammatory.
¶ 16 M. R. Evid. 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, *1200 confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. State v. Ankeny , 2018 MT 91, ¶ 33, 391 Mont. 176, 417 P.3d 275. While probative evidence is generally prejudicial to one side or the other, evidence "rises to the level of being unfairly prejudicial only if it arouses the jury's hostility or sympathy for one side without regard to its probative value, if it confuses or misleads the trier of fact, or if it unduly distracts from the main issues." Blaz , ¶ 20. The Rule 403 balancing test favors admission-the risk of unfair prejudice must substantially outweigh the evidence's probative value. Daffin , ¶ 25 (citing Madplume , ¶ 33 ).
¶ 17 District courts have broad discretion to weigh the relative probative value of evidence against the risk of unfair prejudice. Madplume , ¶ 32. It is within the trial court's discretion to decide whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. State v. Hicks , 2013 MT 50, ¶ 24, 369 Mont. 165, 296 P.3d 1149.
¶ 18 Colburn was acquitted of both incest charges. Clearly the evidence did not distract or incite the jury's hostility toward him. Colburn argues his case is analogous to State v. Franks , 2014 MT 273, 376 Mont. 431, 335 P.3d 725, where, on trial for sexual abuse of a minor female, the district court allowed evidence of a newspaper article alleging Franks had raped a five-year-old boy. The district court allowed the evidence, which this Court upheld, for the purpose of providing context to the timing of the victim's disclosure. Franks , ¶ 18. However, the State exceeded the bounds of this permissible use and attempted to show that Franks was a habitual sexual abuser. This Court reversed and remanded, because although "there was testimony supporting the State's theory of admissibility," the State "did not limit its use of the testimony" to its theory of admissibility. Franks , ¶¶ 18-19. Colburn does not assert the State exceeded the permissible use of the evidence. This case is distinguishable from Franks .
¶ 19 The District Court determined that the evidence was not unfairly prejudicial or unfairly inflammatory. The District Court did not abuse its discretion.
¶ 20 Issue Two: Did Colburn receive ineffective assistance of counsel?
¶ 21 When evaluating a claim of ineffective assistance of counsel, we use the two-part test enunciated in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Whitlow v. State , 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. We apply the same standard when reviewing claims of ineffective assistance of appellate counsel. Rukes v. State , 2013 MT 56, ¶ 9, 369 Mont. 215, 297 P.3d 1195. Under the first prong of the Strickland test, the defendant must show "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Golie v. State , 2017 MT 191, ¶ 7, 388 Mont. 252, 399 P.3d 892 (citing Strickland , 466 U.S. at 687, 104 S.Ct. at 2064 ). Under the second prong of Strickland , the defendant must show that counsel's performance prejudiced the defense. Whitlow , ¶ 10. Under this prong the Defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Dawson v. State , 2000 MT 219, ¶ 147, 301 Mont. 135, 10 P.3d 49 ; Strickland , 466 U.S. at 694, 104 S.Ct. at 2068. Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other. Whitlow , ¶ 11 ; Sartain v. State , 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407.
¶ 22 In Montana, a party is entitled to one substitution of a district court judge after a judgment has been reversed and remanded for a new trial. Section 3-1-804(12), MCA. The notice must be filed within twenty calendar days after the remittitur has been filed with the district court. Section 3-1-804(12), MCA. This Court has determined that failure to timely move for an automatic substitution of the trial judge for cause under § 3-1-805, MCA, may constitute ineffective assistance of counsel. Swan v. State , 2006 MT 39, ¶ 17, 331 Mont. 188, 130 P.3d 606. However, the right to substitute a judge for any reason or no reason at all under *1201 § 3-1-804, MCA, is not of constitutional dimension. Swan , ¶ 24. Therefore, failure to timely move for an automatic substitution is not a structural error and is not presumed to be prejudicial. Swan , ¶ 26.
¶ 23 Colburn argues appellate counsel's performance was deficient by failing to relay to trial counsel that this Court had issued remitter in sufficient time to file for substitution of the trial judge. Colburn argues that but for counsel's error, the District Court judge would have been substituted and a reasonable probability exists that the result of the proceedings would be different. The State asserts Colburn failed to prove either prong of the Strickland test.
¶ 24 Our review of ineffective counsel claims is subject to a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. Bomar v. State , 2012 MT 163, ¶ 7, 365 Mont. 474, 285 P.3d 396 ; Sartain , ¶ 44. Whether counsel's actions come within the wide range of professionally competent assistance is determined by the facts of the particular case, viewed at the time of counsel's conduct, and must be viewed in light of all the circumstances. Golie , ¶ 8.
¶ 25 Colburn's argument fails to establish that appellate counsel had any responsibility or duty to notify trial counsel that remittitur had been issued. The brief fails to cite a single case lending support to his position that appellate counsel's performance was deficient. The failure to provide notice of remittitur is not an error so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Colburn has failed to establish that appellate counsel's performance fell below "an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances," nor has he overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Whitlow , ¶¶ 20-21.
¶ 26 Colburn bears the burden of establishing both prongs of Strickland , and has failed to demonstrate that appellate counsel's performance was deficient. Therefore, this Court need not address the second prong. Whitlow , ¶ 11.
CONCLUSION
¶ 27 The District Court did not abuse its discretion when it admitted evidence of Colburn's Internet searches. Colburn has failed to establish that appellate counsel's performance was ineffective.
¶ 28 Affirmed.
We Concur:
LAURIE McKINNON, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.
JIM RICE, J.