Justice Ingrid Gustafson delivered the Opinion of the Court.
***512 ¶1 Morris Buckles (Buckles) appeals from a jury verdict of the Sixteenth Judicial District Court, Custer County, finding him guilty of felony use or possession of property subject to criminal forfeiture, felony criminal possession of dangerous drugs, misdemeanor criminal possession of dangerous drugs, and misdemeanor criminal possession of drug paraphernalia. We reverse and remand for a new trial.
¶2 We restate the dispositive issue on appeal as follows:
Whether the District Court abused its discretion in admitting evidence of Buckles's Utah drug charges.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On May 10, 2015, Montana Highway Patrol Trooper Troy Muri (Trooper Muri) stopped Buckles for speeding. As Trooper Muri approached the vehicle he noticed an odor of marijuana coming from inside the vehicle. Trooper Muri asked Buckles for identification, registration, and insurance. Buckles acknowledged he did not have his driver's license at that time, but handed over registration and insurance. Trooper Muri questioned Buckles regarding the odor. Trooper Muri asked Buckles to step out of the vehicle and patted him down. The pat down did not reveal a weapon. Trooper Muri then asked Buckles to stand in front of his patrol car while he identified Buckles. As Trooper Muri and Buckles approached the patrol car, Trooper Muri saw Buckles throw something to the side of the road. Trooper Muri put Buckles in handcuffs and retrieved *514 the item that was thrown. The item recovered was a small glass jar containing marijuana. Trooper Muri then searched Buckles and discovered a methamphetamine pipe and $740 in cash bound with a rubber band.
¶4 Once Trooper Muri identified Buckles, he asked where Buckles was headed. Buckles stated he was headed to Billings. Buckles was then given his Miranda rights. Buckles admitted to Officer Muri he is an addict and uses drugs on a regular basis. Buckles refused to allow Trooper Muri to search his vehicle. Trooper Muri proceeded to impound the car to obtain a search warrant. Two days later a search of the car revealed a second methamphetamine pipe, two cell phones, a GPS, and a bank bag containing an additional $20,400 in cash, bound with rubber bands.
¶5 On October 8, 2015, Buckles was charged by Information with four counts: use or possession of property subject to criminal forfeiture, a ***513 felony; criminal possession of dangerous drugs, a felony; possession of dangerous drugs, a misdemeanor; and possession of drug paraphernalia, a misdemeanor. Prior to trial, the State indicated it intended to introduce Buckles's subsequent drug charges filed in Utah (Utah drug charges). These charges occurred in February 2016, nine months after Buckles was stopped for speeding by Officer Muri.
¶6 The District Court held a jury trial on September 27-28, 2016. At the conclusion of the first day of trial, the State brought forth the issue of having Drug Task Force Agent Jeffrey Faycosh (Agent Faycosh) testify regarding Buckles's Utah drug charges. The State prepared a trial brief on the matter.[1] Defense counsel objected to the admittance of such evidence, arguing relevance and prejudice. The District Court took the matter under advisement and stated it would make a ruling the following morning. The following morning, the District Court ruled from the bench, allowing Agent Faycosh to testify as to Buckles's Utah drug charges to prove intent. The District Court found that the Utah drug charges were relevant to the State's theory that Buckles intended to use the cash on his person and in his vehicle to commit an illegal drug transaction. However, the District Court ordered such testimony be elicited on rebuttal, not in the State's case-in-chief, and that if elicited, a limiting instruction be provided to the jury.
¶7 During the State's case-in-chief, the State presented evidence regarding its theory that Buckles was traveling west to engage in a drug transaction with the $21,220.[2] Officer Muri testified Buckles stated he was traveling from Poplar to Billings. Officer Muri also testified regarding Scott Cole's, Buckles's son-in-law, statement that Buckles was traveling to Miles City then continuing on to Billings. Officer Muri testified he did not believe Buckles when he related he was traveling to Billings to get his heater in his truck fixed. Officer Muri based his belief on the fact it was May and he assumed Buckles would not need his heater and also on Buckles relating he was a mechanic such that Officer Muri assumed Buckles could fix his own ***514 heater. Both Officer Muri and Agent Faycosh testified regarding the items seized during the search of Buckles's vehicle. Officer Muri and Agent Faycosh testified to the manner in which the cash was packaged. Specifically, Officer Muri and Agent Faycosh stated, in their experience, carrying a large amount of cash banded together by rubber bands is usually indicative of a drug transaction. Agent Faycosh further testified Buckles appeared to have created a "cockpit" by having a GPS and two cellphones in his front seat indicative of long drives. However, Buckles presented two witnesses who testified in contradiction to Officer Muri and Agent Faycosh's testimony offering a legitimate basis for possessing the money and a *515 legitimate purpose for which it was intended to be used.
¶8 The State then recalled Agent Faycosh as a rebuttal witness to testify regarding Buckles's Utah drug charges. Agent Faycosh testified that in February 2016, nine months after the charges herein, Buckles was arrested in Utah with a co-defendant. Agent Faycosh testified Buckles was charged in Utah with possession with intent to distribute methamphetamine, possession of marijuana, and possession of paraphernalia. Agent Faycosh further testified where Buckles was arrested in Utah was southwest of Custer County. The jury returned a verdict of guilty on all four counts. Buckles timely appeals.
STANDARD OF REVIEW
¶9 District courts have broad discretion to determine the admissibility of evidence. State v. Blaz , 2017 MT 164, ¶ 10, 388 Mont. 105, 398 P.3d 247. We review evidentiary rulings for an abuse of discretion, which occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. Blaz , ¶ 10 (citations omitted). Although a district court possesses broad discretion to determine the admissibility of evidence, judicial discretion must be guided by the Rules of Evidence, applicable statutes, and principles of law. Maier v. Wilson , 2017 MT 316, ¶ 17, 390 Mont. 43, 409 P.3d 878 (citing State v. Price , 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45 ). To the extent an evidentiary ruling is based on a district court's interpretation of the Montana Rules of Evidence, our review is de novo. Blaz , ¶ 10 (citations omitted). An erroneous evidentiary ruling constitutes reversible error when a substantial right of the party is affected. M. R. Evid. 103.
DISCUSSION
¶10 Whether the District Court abused its discretion in admitting ***515 evidence of Buckles's Utah drug charges.
¶11 On appeal, Buckles argues the District Court erred in admitting the Utah drug charges under M. R. Evid. 404(b) and M. R. Evid. 403. Buckles maintains his Utah drug charges were impermissibly admitted proving his propensity as a career drug dealer. Furthermore, Buckles contends admitting the Utah drug charges was highly prejudicial and outweighed any probative value. Accordingly, Buckles argues admitting his Utah drug charges impaired his right to a fair trial.
¶12 The State contends the District Court did not err in admitting the Utah drug charges. The State asserts the District Court properly admitted the Utah drug charges under M. R. Evid. 404(b) and M. R. Evid. 403. Further, the State maintains the District Court carefully limited the scope of the evidence and provided a limiting instruction to mitigate any undue prejudice.
¶13 Even where Rule 404(b) evidence is relevant to an issue other than character or the defendant's propensity to commit the charged offense, the evidence is still subject to balancing under Rule 403. State v. Stewart , 2012 MT 317, ¶ 67, 367 Mont. 503, 291 P.3d 1187. Here, the District Court determined Buckles's Utah drug charges were relevant to intent under Rule 404(b). Even though the District Court concluded the Utah drug charges were admissible under Rule 404(b), the evidence was still subject to the balancing test under Rule 403. The record reflects the District Court failed to weigh the probative value of the evidence against the danger of unfair prejudice. For the reasons stated below, we determine admitting Buckles's Utah drug charges was highly prejudicial and subject to exclusion under Rule 403.
¶14 All relevant evidence is admissible except otherwise provided by constitution, statute, Rules of Evidence, or other rules applicable in the courts of this state. M. R. Evid. 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M. R. Evid. 403. Rule 403 sets forth a balancing test whether the risk of unfair prejudice must substantially outweigh the evidence's probative value. Evidence *516 rises to the level of being unfairly prejudicial only if it arouses the jury's hostility or sympathy for one side without regard to its probative cause, if it confuses or misleads the trier of fact, or if it unduly distracts from the main issues. State v. Madplume , 2017 MT 40, ¶ 33, 386 Mont. 368, 390 P.3d 142 (citations omitted).
¶15 " Rule 403 does not require the exclusion of relevant information simply because it is prejudicial. In a criminal prosecution[,] most of the ***516 evidence offered by the prosecution is prejudicial to the defendant." State v. Lamarr , 2014 MT 222, ¶ 19, 376 Mont. 232, 332 P.3d 258 (quoting Stewart , ¶ 68 ). Rule 403 allow district courts discretion to exclude relevant evidence that poses a danger of unfair prejudice, but only if the danger of unfair prejudice substantially outweighs the evidence's probative value. This occurs when the evidence will prompt the jury to decide the case on an improper basis. Stewart , ¶ 68 (citing State v. Belanus , 2010 MT 204, ¶ 14, 357 Mont. 463, 240 P.3d 1021 ).
¶16 Buckles argues the evidence of the Utah drug charges was unfairly prejudicial. "Evidence of a defendant's prior acts creates the risk that the jury will penalize the defendant simply for his past bad character." State v. Croteau , 248 Mont. 403, 407-08, 812 P.2d 1251, 1253 (1991). The evidence of Buckles's Utah drug charges created a substantial risk the jury would penalize Buckles for his character of bad behavior. The prejudicial nature was exacerbated by Agent Faycosh testifying regarding Buckles's multiple Utah drug charges-possession with the intent to distribute, possession of marijuana and possession of paraphernalia. Providing the jury with Buckles's possession of marijuana and possession of paraphernalia charges in Utah had no relevance other than to show Buckles's character and mislead the jury. The record reflects the State elected not to admit Buckles's prior charges-possession of marijuana, possession of drug paraphernalia, and possession of methamphetamine-because it "risk[ed] confusing the issues and complicating this particular issue." Therefore, the State recognized the risk of misleading the jury if it sought admitting any drug charges other than the Utah intent to distribute charge. Despite this statement, the State elicited testimony regarding Buckles's similar drug charges from Agent Faycosh. Furthermore, during closing arguments, the prosecutor stated, "Ladies and gentlemen, the State of Montana is not here today to argue about whether the Defendant was a good drug dealer or a bad drug dealer." The prosecution used the evidence to portray Buckles as a career drug dealer to mislead the jury. We determine Buckles's Utah drug charges prejudicial nature substantially outweighed the probative value. Under these circumstances, it is not possible to conclude that the cautionary instruction given by the District Court was sufficient to mitigate the prejudicial impact of the Utah drug charges. Therefore, we conclude the District Court abused its discretion in admitting evidence of Buckles's Utah drug charges because the probative value was outweighed by the unfairly prejudicial nature of the evidence.
¶17 We now turn to whether admitting the evidence of Buckles's Utah ***517 drug charges was harmless error. We have adopted a two-step analysis to determine whether an error "prejudiced the criminal defendant's right to a fair trial and is therefore reversible." State v. Van Kirk , 2001 MT 184, ¶ 37, 306 Mont. 215, 32 P.3d 735. The first step in conducting harmless-error analysis is to determine whether the error is structural error or trial error. Van Kirk , ¶ 37. A structural error affects the framework within which the trial proceeds, while trial error typically occurs during the presentation of a case to the jury. Van Kirk , ¶¶ 38, 40. Trial error can be reviewed qualitatively for prejudice relative to other evidence introduced at trial; thus, the error is subject to harmless-error review. Van Kirk , ¶ 40. Here, the admission of the Rule 404(b) evidence was a trial error.
¶18 The second step in the analysis is to determine under the "cumulative evidence" test whether the trial error was harmless. Van Kirk , ¶¶ 43-44. If the tainted evidence was admitted to prove an element of the offense, then the State must direct us to admissible evidence that proves the same *517 facts as the tainted evidence and demonstrate that the quality of the tainted evidence was such that there was no reasonable possibility it might have contributed to the conviction. State v. Derbyshire , 2009 MT 27, ¶ 47, 349 Mont. 114, 201 P.3d 811. Here, the evidence of the Utah drug charges was admitted to prove an element of the charge offense-the money was intended for use in the distribution of drugs. See § 45-9-206(3)(a), MCA. The State has failed to direct us to any admissible evidence proving the same facts as the tainted evidence that would demonstrate there was no reasonable possibility the tainted evidence might have contributed to Buckles's conviction. The record does not reflect any admissible evidence of intent other than Officer Muri's and Agent Faycosh's speculations the money was to be used for illegal drug activity. We have previously stated that we decline to "affirm a criminal forfeiture conviction based on what amounts to no more than a justifiable suspicion." State v. Hegg , 1998 MT 100, ¶ 14, 288 Mont. 254, 956 P.2d 754 (noting common items, such as cash, have lawful purposes). We therefore hold there is a reasonable probability the admission of Buckles's Utah drug charges contributed to Buckles's conviction and the State has not demonstrated the error was harmless.
CONCLUSION
¶19 We hold the evidence of Buckles's Utah drug charges posed a substantial risk of unfair prejudice that outweighed the probative value of the evidence. Therefore, the District Court abused its ***518 discretion and incorrectly admitted the Utah drug charges under M. R. Evid. 403. Further, we conclude there is a reasonable probability the evidence contributed to Buckles's conviction, and therefore the admission of the evidence was not harmless.
¶20 Reversed and remanded for a new trial.
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
LAURIE McKINNON, J.

The trial brief was not filed and is not part of the record.

The parties, throughout trial and appellate review, refer to $740 found on Buckles's person and $20,400 discovered in the bank bag. The total of which would be $21,140. However, Agent Faycosh testified "that $740 was combined with the 20,400 and some odd dollars of currency that was in the bank bag itself. Then an official check for $21,220 was drafted and placed into evidence." It is unclear why there is a $80 discrepancy. Nevertheless, for purposes of this opinion, we will refer to the actual amount placed into evidence.