FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0317

DA 19-0317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 124

STATE OF MONTANA,

Plaintiff and Appellee,

v.

KRISTOFER BUTLER,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 16-440A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nancy G. Schwartz, N. G. Schwartz Law, PLLC, Billings, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Jordan Salo, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:  March 31, 2021

Decided:  May 18, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Kristofer Butler appeals the Eighteenth Judicial District Court, Gallatin County, denial of his motion to dismiss the count of negligent vehicular assault, a misdemeanor, under § 45-5-205, MCA, for insufficient evidence after the State closed its case-in-chief. Butler raises the following issues on appeal:

> *1. Whether the District Court properly admitted hearsay evidence from the alleged victim to the investigating officer to prove an element of negligent vehicular assault;*
>
> *2. Whether the District Court erred in refusing to dismiss the charge of negligent vehicular assault at the close of the State's case.*

¶2 We reverse the District Court's order denying Butler's motion to dismiss as to the count of negligent vehicular assault, and vacate the sentence imposed for that count.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Around 7 a.m. on the morning of December 3, 2016, Montana Highway Patrol Trooper Marcus Cook and West Yellowstone Police Officer Sabrah Van Leeuwen responded to the scene of a two-vehicle crash on U.S. Highway 191 in Gallatin County. A Volkswagen Jetta had hit the back of a cargo trailer being hauled by a Dodge pickup. The Jetta sustained substantial front-end damage and both front airbags had deployed. The trailer had rear-end damage from the impact.

¶4 Butler was driving the Jetta at the time of the collision. His passenger in the Jetta was Benjamin Webster. Butler told law enforcement he and Webster had been travelling all night from Utah in route to Billings for a funeral. Butler said he had slept most of the trip but woke up and took over driving approximately 15 minutes before the crash. He said

2

he passed a snowplow and visibility was poor when he pulled back into the northbound lane. When he realized he pulled in behind a slower moving truck, he did not have time to slowdown to avoid a collision. He denied drinking any alcohol that morning but did admit to consuming alcohol the night before. Trooper Cook observed blood on Butler's face and sweater.

¶5 Butler was transported to the West Yellowstone Police Station, where West Yellowstone Police Chief Scott Newell performed field sobriety testing on Butler. After failing the field sobriety tests, Butler provided a breath sample, which was above the legal limit for blood alcohol concentration. On December 23, 2016, the State charged Butler with four counts: Count I, driving under the influence of alcohol and/or drugs (fourth or subsequent offense), a felony, in violation of § 61-8-401, MCA; Count II, criminal endangerment, a felony, in violation of § 45-5-207, MCA, for endangering the passengers of the Dodge pickup; Count III, negligent vehicular assault, a misdemeanor, in violation of § 45-5-205, MCA, for injuring his passenger, Webster; and Count IV, failure to carry proof of insurance, a misdemeanor, in violation of § 61-6-302, MCA.[1]

¶6 The case went to a jury trial on August 22 and 23, 2018. At the final pretrial conference, the District Court instructed the parties it would use the "standard procedure" for objections and would not allow any "speaking objections." At trial, the three law enforcement officers and one paramedic who responded to the scene testified during the

---

[1] Count IV was dismissed before trial.

3

State's case-in-chief.  The State did not call Butler's passenger, Webster, to testify.  Only Trooper Cook testified regarding injuries to Webster during the State's case-in-chief.  The following exchange took place during direct examination:

[Prosecutor:]         Did you conduct any follow-up investigation after December 3, 2016?

[Cook:]         I did.

[Prosecutor:]         What was that?

[Cook:]         I did some follow-up and I determined that the passenger of the Volkswagen sustained a sprained - - I believe it was a wrist.

[Defense Counsel:]  Objection.  Hearsay.

[The Court:]         Overruled.

[Prosecutor:]         Go ahead and answer.

[Cook:]         Sprained wrist and broken rib.

¶7     When asked on cross-examination whether Webster appeared uninjured at the crash scene, Trooper Cook stated: "I can't testify to that.  I don't feel comfortable saying that.  I just knew that he was talking to me and answering my questions."  Trooper Cook further testified on cross-examination Webster told Trooper Cook "he was okay, but I knew that oftentimes in crash investigation that that's not exactly true," but he could not recall whether Webster appeared to be injured but did recall observing injuries to Butler.  He testified he was not a medical expert.  Officer Van Leeuwen testified Webster did not appear to be injured.  Irene Siddons, a paramedic who responded to the scene, explained when she arrived on scene "I noticed a pretty bad car accident that I assumed there would

4

be some injuries involved in this car accident." She did not testify about any injuries to Webster.

¶8 Immediately after the State rested its case-in-chief, Butler informed the court he had a motion to make. The District Court responded, "We can do that at a break." Butler proceeded to put on his defense. Both Butler and Webster testified for the defense. On cross-examination, Webster testified he sustained a sprained wrist, a sprained ankle, and broken ribs in the crash. After the defense closed, the State did not present any witnesses in rebuttal. At no point did the State ask the District Court for permission to reopen its case to admit testimony of physical injury to Webster.

¶9 After dismissing the jury, the court allowed Butler to proceed with its previously reserved motion. Butler asked the District Court to dismiss Counts I through III for insufficient evidence. Applicable to this appeal, Butler argued Count III should be dismissed because the State "provided no evidence, only a hearsay statement by Trooper Cook, that Mr. Webster had sustained any bodily injury. So in the State's case in chief - - when I made the motion - - there was no evidence to go to the jury about his injuries." The State objected, arguing the court had overruled the hearsay objection and it had presented evidence of Webster's injuries through the testimony of Trooper Cook. The court denied the motion to dismiss, explaining:

> On Count 3, the Court did allow the testimony from the trooper, based on his follow-up investigation, which he's entitled to do, in regards to his reliance on hearsay information from Mr. Webster. Mr. Webster did testify on behalf of Defendant, and Defendant had access to Mr. Webster throughout because Mr. Webster was the Defendant's friend and was involved in the incident as well. So the Court will deny the Motion to Dismiss.

5

¶10 After denying the motions, the case was given to the jury. The jury convicted Butler of Count I, felony driving under the influence, and Count III, negligent vehicular assault. The jury was unable to reach a verdict on Count II, criminal endangerment, and the State moved to dismiss this count at sentencing. On Count I, the District Court sentenced Butler to a 13-month commitment to the Department of Corrections, followed by a two-year suspended sentence. On Count III, the District Court imposed a sentence of 6 months to the Gallatin County Detention Center, all suspended, to run concurrent with Count I. Both sentences ran concurrently with a prior sentence from Utah. On appeal, Butler challenges the District Court's denial of his motion to dismiss Count III, negligent vehicular assault.

**STANDARD OF REVIEW**

¶11 A district court is vested with broad discretion in controlling the admission of evidence at trial. *State v. Colburn*, 2018 MT 141, ¶ 7, 391 Mont. 449, 419 P.3d 1196. We review a district court's evidentiary ruling for an abuse of discretion. *Colburn*, ¶ 7. To the extent an evidentiary ruling is based on a district court's interpretation of the Montana Rules of Evidence, our review is de novo. *State v. Buckles*, 2018 MT 150, ¶ 9, 391 Mont. 511, 420 P.3d 511.

¶12 We review de novo a district court's denial of a motion to dismiss for insufficient evidence. *See State v. Ellerbee*, 2019 MT 37, ¶ 13, 394 Mont. 289, 434 P.3d 910. "We review the sufficiency of the evidence in a criminal case to determine whether 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt.'"

*Ellerbee*, ¶ 13 (quoting *State v. Polak*, 2018 MT 174, ¶ 34, 392 Mont. 90, 422 P.3d 112).

**DISCUSSION**

¶13    *1. Whether the District Court properly admitted hearsay evidence from the alleged victim to the investigating officer to prove an element of negligent vehicular assault.*

¶14    Butler argues the District Court erred in overruling his hearsay objection to Trooper Cook's testimony about his follow-up investigation into Webster's injuries, as Trooper Cook's testimony relayed out-of-court statements Webster made to Trooper Cook. Butler points out the District Court admitted the statements without requiring the State to provide a reason for seeking the admission of the statements and the State used this testimony for the truth of the matter asserted—as substantive evidence of injury to Webster. Butler argues the District Court's comments during argument on his motion to dismiss demonstrate the District Court overruled the objection and admitted the testimony, not for the truth of the matter asserted, but to show the next steps in the officer's investigation. As such, the testimony was not substantive evidence and could not be used to prove Webster's injuries. Butler maintains an officer's next steps in the investigation should not be allowed to serve as a conduit for the admission of otherwise inadmissible hearsay.

¶15    The State counters Trooper Cook's testimony did not contain hearsay on its face, as it contained no statement by an out-of-court declarant, but rather Trooper Cook spoke about what investigative steps he took and what he later learned about Webster. The State argues to the extent Trooper Cook did not offer first-hand knowledge of Webster's injuries, Butler failed to make a foundational objection.

¶16   Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted in the statement.  M. R. Evid. 801(c).  Hearsay is not admissible unless it falls under an exception to the general prohibition on such evidence.  M. R. Evid. 802.  By definition, out-of-court statements not entered to prove the truth of the matter asserted are not hearsay.  Evidence admitted for use as non-hearsay, must be relevant under M. R. Evid. 402 for the non-hearsay purpose and the probative value of its non-hearsay use must not be substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury under M. R. Evid. 403.  Most importantly, if out-of-court statements are admissible only for a non-hearsay purpose, those statements cannot be used as substantive evidence, that is for the truth of the matter asserted.  *See* M. R. Evid. 105.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  M. R. Evid. 401.

¶17   We agree with Butler the record demonstrates the District Court admitted Trooper Cook's testimony as non-hearsay to explain the next steps in his investigation of the crash.  The District Court explained it overruled the hearsay objection as Trooper Cook was entitled to testify about hearsay information he relied on to explain steps he took in his investigation.  Thus, the theory for admission of the testimony was not for the truth of the matter asserted.  Yet, this is precisely how the State used this evidence.  The State relied on Trooper Cook's testimony as evidence of Webster's injury to support its arguments opposing dismissal of Count III for insufficient evidence and in its closing argument to the

8

jury. It was error for the District Court to admit the testimony for the non-hearsay purpose of explaining the next steps in Trooper Cook's investigation and then allow the State to rely on the evidence for the hearsay purpose of proving Webster was injured in the crash.

¶18 Testimony relaying out-of-court statements ostensibly to explain the next steps of law enforcement's investigation, but which go directly toward proving an element of the charged offense and the defendant's guilt, run a substantial risk of misuse and thus may run afoul of M. R. Evid 402 and 403. In many instances, this evidence has little or no probative value other than as substantive evidence in violation of the hearsay rule. *See State v. Laird*, 2019 MT 198, ¶ 75, 397 Mont. 29, 447 P.3d 416; *State v. Runs Above*, 2003 MT 181, ¶ 21, 316 Mont. 421, 73 P.3d 161; *In re D.W.L.*, 189 Mont. 267, 270-71, 615 P.2d 887, 889 (1980). This danger is especially highlighted in this case, where it is not mere conjecture the jury may have misused the evidence, but the State explicitly and incorrectly relied on the evidence as substantive evidence to prove the essential elements of the charged offense.

¶19 We find the State's argument Butler should have made a foundational objection, rather than a hearsay objection unavailing. Witnesses can testify only to their personal knowledge and a "witness may not testify as to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." M. R. Evid. 602. This rule and the prohibition on hearsay have considerable overlap: A witness must testify only to his or her personal knowledge, and not merely repeat the out-of-court statements of others as truth. *See State v. Crean*, 43 Mont. 47, 59, 114 P. 603,

9

607 (1911) ("The term 'hearsay,' as used in the law of evidence, signifies all evidence which is not founded upon the personal knowledge of the witness from whom it is elicited." (quoting H.C. Underhill, *A Treatise on the Law of Evidence*, 63 (1894))). As the District Court acknowledged, Trooper Cook had no basis for knowledge of Webster's injuries other than out-of-court statements made to him during his follow-up investigation. Butler's hearsay objection properly raised the issue of whether Trooper Cook testified from his personal knowledge or was merely repeating out-of-court statements made to him for their truth. The District Court erred in admitting the hearsay testimony from Trooper Cook as substantive evidence of Webster's injuries.

¶20     *2. Whether the District Court erred in refusing to dismiss the charge of negligent vehicular assault at the close of the State's case.*

¶21     As Trooper Cook's testimony constituted inadmissible hearsay, Butler maintains the State failed to present in its case-in-chief admissible evidence of physical injury to Webster, an essential element of Count III's charge of negligent vehicular assault. As such, Butler argues the District Court should have dismissed Count III, and its failure to do so was error. The State counters Webster's injuries could be proven by inference from circumstantial evidence, such as evidence of Butler's injuries[2] and the damage to the vehicle.

---

[2] The State mistakenly argues in its appeal brief Trooper Cook testified to seeing blood on Webster's face and sweater. In fact, Trooper Cook testified to seeing blood on *Butler*'s face and sweater and to not recalling observing any injuries to Webster at the crash scene.

¶22 "A fundamental principle of the criminal justice system is the State must prove each element of a crime beyond a reasonable doubt." *Laird*, ¶ 59. The defendant may move to have a case dismissed for insufficient evidence if the State failed to present evidence proving every element of the charged crime. *Laird*, ¶ 59. In considering a motion to dismiss for insufficient evidence, the court must view the evidence in the light most favorable to the prosecution and only dismiss the case if there is not sufficient evidence upon which a rational trier of fact could find all the essential elements of the charged offense beyond a reasonable doubt. *Laird*, ¶ 59.

¶23 To convict a defendant of negligent vehicular assault, the State must prove a person negligently operated a vehicle, while under the influence of alcohol or drugs, and "cause[d] bodily injury to another." Section 45-5-205(1), MCA. "'Circumstantial evidence' is that which tends to establish a fact by proving another and which, though true, does not of itself conclusively establish that fact but affords an inference or presumption of its existence." Section 26-1-102(1), MCA.

¶24 The State urges us to hold that evidence of Butler's injuries and damage to the car is sufficient circumstantial evidence that Webster suffered injuries to support a conviction of negligent vehicular assault. Even considering the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could not find the essential element of "bodily injury to another" based on this evidence alone. Injury to Butler and damage to the vehicle does not create a presumption or inference that Webster also suffered bodily injury in the crash. As the statute specifically requires the Defendant's actions to have

11

caused "bodily injury to another," proof of injury to the defendant or damage to the defendant's vehicle is not sufficient evidence to prove "bodily injury to another," necessary for a conviction of negligent vehicular assault. The District Court erred in failing to dismiss Count III, negligent vehicular assault, upon the close of the State's case-in-chief.

## CONCLUSION

¶25 The District Court's denial of the motion to dismiss Count III for insufficient evidence is reversed, Butler's conviction and sentence for negligent vehicular assault are vacated, and the case is remanded to the District Court to dismiss Count III with prejudice.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

12