

ORIGINAL

FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0152

DA 20-0152

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 235N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DAVID JON KINDT,

      Defendant and Appellant.

FILED

SEP 1 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:   District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 18-04
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

        Janet Christoffersen, Richland County Attorney, Charity McLarty, Deputy
County Attorney, Sidney, Montana

                  Submitted on Briefs:  August 18, 2021

                            Decided:  September 14, 2021

Filed:

_____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Jon Kindt appeals a final judgment and sentencing order from the Seventh Judicial District Court, Richland County, convicting him of aggravated assault and partner or family member assault (PFMA). We affirm.

¶3 On December 14, 2017, Kindt and his girlfriend, Pamella Johnson (Johnson), had an argument. As Johnson turned to leave, Kindt knocked her down and began kicking and stomping her. Johnson was finally able to leave and drove herself to the hospital. At the hospital, Dr. Dawn McCartney examined Johnson. Dr. McCartney's examination revealed that Johnson had sustained a fractured nasal bone and a broken ankle, and that Johnson had bruising and swelling on her face and abdomen. At the hospital, Johnson was also interviewed by Sidney Police Department Officer Timothy Case about her fight with Kindt. Johnson's interview with Officer Case was recorded on the body camera that Officer Case was wearing.

¶4 Kindt was charged with the following crimes by Information: Count 1: Aggravated Assault, a felony, in violation of § 45-5-202, MCA; and Count 2: PFMA, a misdemeanor, in violation of § 45-5-206, MCA. Trial was held on October 16, 2019. At trial, the State sought to introduce the body camera recording of

2

Johnson's interview with Officer Case. Kindt objected, arguing that the body camera recording was hearsay. The State argued that the recording was not hearsay because Johnson was available for cross-examination. The State also argued that the recording was admissible under the following hearsay exceptions: M. R. Evid. 803(1) (present sense impression), M. R. Evid. 803(2) (excited utterance), M. R. Evid. 803(3) (then-existing mental, emotional, or physical condition), and M. R. Evid. 803(5) (recorded recollection). The District Court overruled Kindt's objection and admitted the video recording into evidence.

¶5 The State also introduced testimony from Stacey Indergard, a registered nurse at Sidney Health Center. Indergard testified regarding the accuracy of several photographs she took of Johnson's injuries on December 14. The State provided testimony from Johnson regarding the events of December 14, and the severity of her injuries. Dr. McCartney testified that her examination of Johnson revealed a nasal fracture, a broken ankle, and some bruising and swelling on her face and abdomen. Dr. McCartney testified that the injuries were consistent with Johnson's report that she was assaulted but acknowledged on cross-examination that the injuries may have been caused by something else. Kindt offered no evidence in rebuttal of Johnson's testimony and acknowledged that he was guilty of PFMA. He denied beating Johnson in the manner she suggested and instead argued that Johnson's continued relationship with Kindt indicated that Johnson lacked credibility.[1]

---

[1] We note that several obstacles can prevent an individual from leaving an abusive partner and that the "danger of violence, including the risk of death, escalates when a domestic violence

3

¶6 The jury found Kindt guilty of all counts. Kindt received a twenty-year sentence with all but ten years suspended for his aggravated assault conviction and a one-year sentence with all but twenty-four hours suspended for his PFMA conviction. The District Court also ordered restitution and imposed a fine of $500.

¶7 Kindt appeals the District Court's admission into evidence of the recording of Johnson's interview with Officer Case. Kindt argues that the District Court committed reversible error when it admitted the recording into evidence. The State concedes that the District Court erred, but contends that, in light of the other evidence, such error was harmless.

¶8 A trial court's ruling on evidentiary matters is generally reviewed for an abuse of discretion; however, to the extent the trial court's ruling is based on an interpretation of an evidentiary rule or statute, the ruling is reviewed de novo. *State v. Stewart*, 2012 MT 317, ¶ 23, 367 Mont. 503, 291 P.3d 1187.

¶9 Before we turn to Kindt's appeal, we must address two preliminary matters. First, Kindt conceded to the PFMA charge at trial, and he does not appeal that conviction. Second, the State correctly acknowledges that the video recording of Johnson's testimony constituted hearsay. We adopt this concession and focus our analysis on the effect of the District Court's error.

---

survivor attempts to leave a batterer." John M. Burman, *Lawyers and Domestic Violence: Raising the Standard*, 9 Mich. J. Gender & L. 207, 221 (2003). *See generally* Deborah Epstein & Lisa A. Goodman, *Discounting Women: Doubting Domestic Violence Survivors' Credibility and Dismissing their Experiences*, 167 U. Pa. L. Rev. 399 (2019).

¶10 We implement a two-step analysis to assess whether an error "prejudiced the criminal defendant's right to a fair trial and is therefore reversible." *State v. Van Kirk*, 2001 MT 184, ¶ 37, 306 Mont. 215, 32 P.3d 735. The first step determines whether the error is structural error or trial error. *Van Kirk*, ¶ 37. A structural error affects the framework within which the trial proceeds, while a trial error typically occurs during the presentation of a case to the jury. *Van Kirk*, ¶¶ 38, 40. Trial error may be reviewed for prejudice relative to the other evidence introduced at trial and therefore is subject to harmless error review. *Van Kirk*, ¶ 40. Here, the admission of the video recording of Johnson's interview was trial error and thus subject to harmless error review.

¶11 The second step in the analysis determines whether the trial error was harmless under the cumulative evidence standard. *Van Kirk*, ¶¶ 43-44. To prove that an evidentiary error was harmless, the State must direct us to admissible evidence that proved the same facts as the tainted evidence and demonstrate that the quality of the tainted evidence was such that no reasonable possibility existed that it might have contributed to the conviction. *State v. Buckles*, 2018 MT 150, ¶ 18, 391 Mont. 511, 420 P.3d 511.

¶12 No reasonable possibility exists that the video recording of Johnson's interview contributed to Kindt's conviction. At trial, Johnson testified consistent with her recorded interview. She testified that Kindt knocked her down, kicked her in the face, and continued to kick her and stomp on her until she felt her leg break. She testified that Kindt continued assaulting her even after she begged him to stop because of her broken leg. Dr. McCartney's testimony corroborated Johnson's testimony. Dr. McCartney

5

testified that Johnson's injuries included two broken bones in her lower leg and a broken nasal bone, which were consistent with Johnson's testimony that she had been assaulted. Dr. McCartney further testified that Johnson reported to her that her injuries came from being thrown to the ground and kicked and punched several times. The State also introduced photographs of Johnson's injuries through Indergard. The State's admissible evidence proved the same facts that the video recording contained. Our review of the admissible evidence makes clear that, qualitatively, no reasonable possibility exists that the tainted evidence contributed to Kindt's conviction.

¶13    The District Court erred in admitting the video recording of Johnson's interview. However, given the cumulative effect of Johnson's in-court testimony, the photographs authenticated through Indergard, and Dr. McCartney's testimony, such error was harmless. Kindt's conviction for aggravated assault is affirmed.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

_____
Justice

We Concur:

_____
Chief Justice

6

_____

_____

_____
Justices

7